Filed 11/14/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-SC-02051

---

Ian Campbell v. Regina Limoge

---

Opinion and Order

Plaintiff Ian Campbell brought this small-claims action against his former landlord, Defendant Regina Limoge, to recover his security deposit following termination of his lease for an apartment in Shelburne ("Apartment"). On November 13, 2025, the court conducted a bench trial, took testimony, received evidence and took the matter under advisement.

Background

Based on a preponderance of the credible evidence presented, the court finds the following facts.

The parties had a lease for the Apartment with a term that expired on May 31, 2025 ("Lease"). (*See* Ex. 1.) Limoge sent and Campbell received a May 5, 2025, letter terminating the Lease effective June 30, 2025 for no cause. (*See* Ex. 2.) Having not yet secured replacement housing, Campbell wrote Limoge a June 19, 2025 letter, requesting a "short extension of [his] current lease through August 31, 2025." (*See* Ex. 3.) Campbell's letter listed the Apartment address as his return address. (*Id.*) Limoge sent a June 25, 2025 letter by certified and first-class mail to the Apartment notifying Campbell that his Apartment tenancy would now terminate on August 31, 2025 for no cause. (*See* Ex. 4.) Exhibit 4 contains a copy of the U.S. Postal Service certified mail receipt indicating that Limoge mailed it to the Apartment address, the same address which Campbell had indicated on his June 19, 2025 request to extend his tenancy through August 31, 2025. (*Id.* at 2.) Campbell testified that he did not receive that June 25, 2025 letter from Limoge until some time in July, after he had already left the Apartment. Limoge testified that she also sent her June 25, 2025 letter by e-mail to Campbell who testified he did not receive it.

Presumably unaware of Limoge's acceptance of his request to extend his Apartment tenancy through August 31, 2025, Campbell left the Apartment on June 30, 2025. He sent Limoge a June 30, 2025 letter which she received around July 7, 2025 that "serve[d] as [his] formal confirmation that [he] ha[d] vacated" the Apartment. (*See* Ex. 6.) Limoge sent Campbell a July 11, 2025 "Security Deposit Transmittal" outlining her retention of his $2,600 security deposit as credit toward unpaid rent in the same amount for July 2025 and itemizing an additional $92.90 allegedly owed to her for an unpaid water bill for April 15 to July 11, 2025. (*See* Ex. 8.)

Campbell brought this action because he believes Limoge owes him his security deposit.

Discussion

The outcome of this case depends on the legal significance of Limoge having accepted Campbell's offer to extend his tenancy through August 31, 2025, even though he testified he did not timely receive it. Vermont's common and statutory law indicate on these facts that Limoge validly extended Campbell's Apartment tenancy through August 31, 2025 by sending her June 25, 2025 acceptance to Campbell at the Apartment address by certified and first-class mail. "An acceptance sent by mail or otherwise from a distance is not operative when dispatched, unless it is properly addressed and such other precautions taken as are ordinarily observed to insure safe transmission of similar messages." Restatement (Second) of Contracts §66 (1981). "The offeree [Limoge] may fulfill the requirement that an acceptance be properly addressed by using a return address indicated in the offer, whether in a letterhead or otherwise." *Id*. Cmt. b. "[I]f a letter comes into . . . a place which the person has designated as the place for this or similar communications to be deposited, the communication has reached its destination and is effectual without regard to whether it is actually read." 2 Williston on Contracts § 6:46 (4th ed. 2025). These principles align with Vermont's law governing residential rental agreements. *E.g.*, 9 V.S.A. §4451 (defining "actual notice" as "receipt of written notice hand-delivered or mailed to the last known address" and providing a "rebuttable presumption that the notice was received three days after mailing is created if the sending party proves that the notice was sent by first-class or certified U.S. mail").

The evidence in this case shows that Limoge sent by certified and first-class mail to Campbell's Apartment address her June 25, 2025 acceptance of Campbell's June 19, 2025 offer to extend his tenancy through August 31, 2025. Until that time, Campbell had identified the Apartment address as his only address and Limoge consistently communicated successfully with Campbell through mail sent to that address. (Ex's. 1-3.) Campbell also testified that he tracked Limoge's June 25, 2025 letter on the U.S. Postal Service website using its tracking number and observed that the letter remained undelivered. This testimony does not suffice to rebut 9 V.S.A. §4451's rebuttable presumption when taken alongside the other evidence establishing consistently successful communication between Campbell and Limoge through mailings sent to and from the Apartment address.

Nor does it overcome the common law rule outlined above that Limoge's mailing constituted acceptance of Campbell's offer to extend his tenancy through August 31, 2025. Because Limoge mailed that letter by certified and first-class mail to Campbell's Apartment address – accepting by the same method (mail) sent to the same address from which Campbell sent his offer – the court rules that her June 25, 2025 letter constituted acceptance of Campbell's offer to extend his Apartment tenancy through August 31, 2025. Vermont law deems Limoge's June 25, 2025 letter received by Campbell on June 28, 2025. *See* 9 V.S.A. §4451 (containing definition of "actual notice"). Limoge's June 25, 2025 letter lawfully served as a no-cause termination notice effective as of August 31, 2025 because it provided more than 60 days' notice where Campbell had lived at the Apartment for under two years. *See* 9 V.S.A. §4467(c)(1)(A). As a result, Limoge properly applied Campbell's security deposit to his unpaid July 2025 rent.

Order

Accordingly, Campbell has not met his burden to prove his claim and the court enters judgment for Defendant. A separate Judgment Order shall issue.

Electronically signed on November 14, 2025 pursuant to V.R.E.F. 9(d)

Colin Owyang
Superior Court Judge